# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON, | CASE NO. 1:08-cv-00144-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JEANNE S. WOODFORD, et al., | (Doc. 1) |
| Defendants. | |

## Screening Order

**I.      Screening Requirement**

Plaintiff Edward Demerson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff filed this action on January 29, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Because the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ," Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted), Plaintiff must allege facts sufficient to demonstrate what happened to him and to make a showing that what happened to him rose to the level of a constitutional violation, but it is unnecessary for Plaintiff to provide a lengthy narrative setting forth every detail.

**II.    Plaintiff's Claims**

Plaintiff is currently housed at Salinas Valley State Prison. The claims at issue in this action allegedly occurred at California State Prison-Corcoran. Plaintiff names Associate Wardens L. Polk, J. Ahlin, and Kent Clark; Captain D. A. Cuevas; Lieutenants L. Cartagena, V. Black, and Alva; Director Jeanne S. Woodford; Inmate Appeals Branch Chief. N. Grannis; Warden Darrell G. Adams; Correctional Officers C. Munoz, B. Phillips, E. Campos, M. H. Clausing, Bardonnex, and Amaro; Medical Technical Assistant Gregory; Psych Tech Hillard; and E. McCant as defendants. Plaintiff's claims against the defendants arise from events that began on January 25, 2006, summarized briefly as follows.

Plaintiff was in the caged section of the walk-alone yard when he requested nail clippers. Plaintiff was told by Defendant Phillips that he would get the nail clippers with the hair clippers. Plaintiff informed Phillips that was not how things had been running, that it wastes time because not everyone wants the nail clippers, and Correctional Officer Molina, not Phillips, had been on this yard for the past year.

After yard time was over, Plaintiff was the last inmate brought in. After being searched and shackled, Phillips rammed Plaintiff into the wall and told him that was for the "shit" he had been talking. (Comp., pg. 5.) Phillips and Defendant Campos proceeded to hit, slam, kick, and stomp Plaintiff. Other officers arrived and began twisting the upper and lower ends of Plaintiff's body in

2

different directions. Plaintiff was subsequently taken to a holding cage, where he complained of chest pains and severe pain. Plaintiff was not provided with any medical care until approximately thirteen hours later, when he was taken to the prison's hospital, given medication, and admitted over night.

After being discharged, Plaintiff was taken back to administrative segregation and housed on strip cell status. Plaintiff was later issued a Rules Violation Report, found guilty at a prison disciplinary hearing, and assessed an eighteen month Security Housing Unit term

### A.    Official Capacity and Municipal Liability Claims

In additional to individual capacity claims, Plaintiff alleges official capacity claims against the named defendants. This is a suit for money damages, and the Eleventh Amendment bars Plaintiff from seeking damages against state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Accordingly, Plaintiff's official capacity claims are barred and only individual capacity claims should be alleged.

Plaintiff also alleges municipal liability claims. Defendants are individuals not municipalities, and are employed by the state. Therefore, municipal liability claims are unavailable in this action. See Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008) (a section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom).

### B.    Section 1983 Claims

#### 1.    Excessive Force

For excessive force claims, not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992) (citations and quotations omitted). It is only the malicious and sadistic use of force to cause harm that violates the Eighth Amendment. Id. at 7.

Plaintiff's allegations are sufficient to state a claim against Defendants Phillips and Campos for use of excessive force. Plaintiff alleges additional excessive force claims against other

defendants, but his allegations become less clear after describing the incident of force initiated by Phillips and Campos.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The Court, and the defendants once brought into the action, must be able to ascertain what each named defendant did or did not do which led to the violation of Plaintiff's rights. It is clear from Plaintiff's complaint that he intends to state excessive force claims against officers other than Phillips and Campos, but which officers and for which actions is unclear in part. Plaintiff shall cure this deficiency in his amended complaint. Plaintiff need only briefly describe the incident and his injuries, but should indicate clearly the part each named defendant played. Since it appears some of the defendants were bystanders, Plaintiff should indicate if he is intending to state a claim against them for failing to take some action.

**2.    Denial of Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

4

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's allegations are sufficient to state a claim against Defendants Hillard, Gregory, Munoz, and Cartagena for failing to provide or obtain medical treatment for Plaintiff's complaints, including pain and chest pains. There are discrepancies in the spelling of Cartagena's name throughout the complaint, but it appears that Cartigina, Cartiaina and Cartagena are the same person. (Comp., pgs. 7, & 12.) Because Plaintiff will be instructed to file an amended complaint pursuant to this order, these deficiencies and discrepancies should be corrected.

### 3. Conditions of Confinement

Plaintiff enumerates multiple section 1983 claims, all based on violations of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Plaintiff's excessive force claims and claims for denial of medical treatments were previously addressed. To the extent that Plaintiff is attempting to pursue claims based on other conditions that violated his Eighth Amendment rights, such as the management cell, Plaintiff is informed that "while conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

///

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. In his amended complaint, Plaintiff shall clarify what other conditions, if any, constituted deliberate indifference to a substantial risk of harm to his health or safety. Plaintiff must also link those conditions to one or more of the named defendants in order to establish a cognizable claim for violation of his constitutional rights.

### 4. Due Process

Plaintiff alleges that he was deprived of a protected liberty interest in being free from management cell status and the Security Housing Unit without due process of law.

In order to state a due process claim, Plaintiff must identify the existence of a protected liberty interest. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). Absent the existence of a protected liberty interest, Plaintiff may not invoke the procedural protections of the Due Process Clause. Id. The Due Process Clause itself does not confer upon Plaintiff a protected interest in avoiding "more adverse conditions of confinement," id., and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation, Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

///

1  Plaintiff has asserted generally his right to be free from atypical and significant hardship.
2  However, while detailed allegations are not required, a plaintiff must set forth "the grounds of his
3  entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation
4  of the elements of a cause of action . . . ." Bell Atlantic Corp., 127 S.Ct. at 1964-65 (internal
5  quotations and citations omitted). Plaintiff has not alleged any facts supporting a claim that
6  management cell status or SHU placement constitute "atypical and significant hardship on the inmate
7  in relation to the ordinary incidents of prison life." Sandin, at 484; also Myron at 718. Accordingly,
8  Plaintiff fails to state a claim for denial of due process.[1]

### 5. Inmate Appeals Process

Plaintiff alleges generally that his right to redress grievances was violated and Plaintiff refers to the inmate appeals process. The existence of an administrative remedy process does not create any substantive rights and generally cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Further, merely "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Regardless of the deficiencies of the inmate appeals process and what individuals did or did not do with respect to the process, Plaintiff does not have a protected liberty interest in the processing of his appeals and may not pursue a due process claim based on his complaints regarding the inmate appeals process. Ramirez, 334 F.3d at 860. Further, Plaintiff has alleged no facts which would otherwise support a claim against those who rendered decisions on his appeals. Absent the

---

[1] If Plaintiff is able to allege the existence of a protected liberty interest, he is only due limited procedural protections under federal law. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The minimum procedural requirements that must be met for prison disciplinary proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

7

existence of circumstances not alleged in the present case, the general decisions to deny Plaintiff's appeals do not have the effect of transferring liability for the constitutional violation to the administrative reviewer. George, 507 F.3d at 609.

### 6. Supervisory Liability

"[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Although names Warden Adams and former Director Woodford as defendants, Plaintiff has not alleged any facts which would support the imposition of liability against them under section 1983. The fact that they hold positions of authority is insufficient to hold them liable for constitutional violations caused by subordinate employees.

### 7. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff asserts generally that he was retaliated against, but Plaintiff has not stated a valid retaliation claim against any of the defendants. To the extent that Plaintiff is alleging excessive force was used against him because of the verbal altercation between Plaintiff and Phillips over the nail clippers, Plaintiff was not engaged in protected conduct during that altercation. As a result, it provides no basis for raising a First Amendment retaliation claim.

///

///

### C. Section 1985 and 1986 Claims

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).

Although Plaintiff alleges that he is pursuing section 1985 and 1986 claims, Plaintiff's complaint is devoid of *any* factual allegations supporting the existence of a conspiracy to discriminate against him based on his race or other class-based membership.[2]

### III. Conclusion and Order

By this order, Plaintiff's complaint shall be dismissed with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should amend only those claims that he, in good faith, believes are cognizable under federal law, following review of the legal standards provided by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

---

[2] Additionally, in order to pursue a section 1986 claim, Plaintiff must first allege a cognizable section 1985 claim, McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992); Trerice v. Pederson, 769 F.2d 1398, 1403 (9th Cir. 1985), and in order to pursue a section 1985 claim, Plaintiff must first state a valid section 1983 claim for discrimination, Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (citing Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)).

Hydrick, 500 F.3d at 987-88. As previously stated, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp., 127 S.Ct. at 1965 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed January 29, 2008, is dismissed;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   September 18, 2008**           /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE