# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00144-SMS PC<br><br>ORDER THAT ACTION SHALL PROCEED ON AMENDED COMPLAINT ON EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE CLAIMS, AND DISMISSING ALL OTHER CLAIMS AND CERTAIN DEFENDANTS<br><br>(Doc. 27) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Edward Demerson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff filed this action on January 29, 2008. On September 22, 2008, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff filed an amended complaint on October 27, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an
4  elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient
5  to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it
6  rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley
7  v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Because the "[f]actual allegations must be
8  [sufficient] to raise a right to relief above the speculative level . . ," Bell Atlantic Corp. v. Twombly,
9  127 S.Ct. 1955, 1965 (2007) (citations omitted), Plaintiff must allege facts sufficient to demonstrate
10 what happened to him and to make a showing that what happened to him rose to the level of a
11 constitutional violation, but it is unnecessary for Plaintiff to provide a lengthy narrative setting forth
12 every detail.

13 **II.    Plaintiff's Claims**

14       Plaintiff is currently housed at Salinas Valley State Prison. The claims at issue in this action
15 allegedly occurred at California State Prison-Corcoran. Plaintiff names Director Jeanne S.
16 Woodford; Inmate Appeals Branch Chief N. Grannis; Warden Darrell G. Adams; Associate Wardens
17 Kent Clark, L. Polk, and J. Ahlin; Captain D. A. Cuevas; Lieutenants L. Cartagena,[1] V. Black, and
18 Alva; Sergeants Ase, Munoz, and Morales; Correctional Officers B. Phillips, E. Campos, M. H.
19 Clausing, Bardonnex, and Amaro; Medical Technical Assistant Gregory; Psych Tech Hillard; and
20 E. McCant as defendants. Plaintiff's claims against the defendants arise from events that began on
21 January 25, 2006, summarized briefly as follows.

22       Plaintiff was in the caged section of the walk-alone yard when he requested nail clippers.
23 Plaintiff was told by Defendant Phillips that he would get the nail clippers with the hair clippers.
24 Plaintiff informed Phillips that was not how things had been running, that it wastes time because not
25 everyone wants the nail clippers, and Correctional Officer Molina, not Phillips, had been on this yard
26 for the past year.

27

28     [1] Also spelled Cartigina.

After yard time was over, Plaintiff was the last inmate brought in. After being searched and shackled, Phillips rammed Plaintiff into the wall and told him that was for the "shit" he had been talking. (Amend. Comp., court record p. 8.) Phillips and Defendant Campos proceeded to hit, slam, kick, and stomp Plaintiff. Other officers arrived and began twisting the upper and lower ends of Plaintiff's body in different directions, and that in addition to Defendants Phillips and Campos, Defendants Clausing and Bardonnex used excessive forced against him when they mishandled and twisted him in the hallway. Plaintiff was subsequently taken to a holding cage, where he complained of chest pains and severe pain. Plaintiff was not provided with any medical care until approximately thirteen hours later, when he was taken to the prison's hospital, given medication, and admitted over night.

After being discharged, Plaintiff was taken back to administrative segregation and housed on strip cell status. Plaintiff was later issued a Rules Violation Report, found guilty at a prison disciplinary hearing, and assessed an eighteen month Security Housing Unit term

### A.   Official Capacity and Municipal Liability Claims

In additional to individual capacity claims, Plaintiff alleges official capacity claims against the named defendants. This is a suit for money damages, and the Eleventh Amendment bars Plaintiff from seeking damages against state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Accordingly, Plaintiff's official capacity claims are dismissed.

Plaintiff also alleges municipal liability claims. Defendants are individuals and are employed by the state. Therefore, municipal liability claims are unavailable in this action, and are dismissed. See Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008) (a section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom).

### B.   Section 1983 Claims

#### 1.   Excessive Force

For excessive force claims, not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "[t]he Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992) (citations and quotations omitted). It is only the malicious and sadistic use of force to cause harm that violates the Eighth Amendment. Id. at 7.

Plaintiff's allegations are sufficient to state a claim against Defendants Phillips, Campos, Clausing, and Bardonnex for use of excessive force. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). However, Plaintiff does not allege facts linking any other defendants to acts of excessive force.

### 2. Denial of Medical Care

Plaintiff alleges that he complained repeatedly of chest pains, but was ignored. Thirteen hours later, Plaintiff was taken to the hospital, where he was treated and kept overnight.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's allegations are sufficient to state a claim against Defendants Hillard, Gregory, Munoz, Cartigina, and Morales for failing to provide or obtain medical treatment for Plaintiff's complaints, including pain and chest pains. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200; Alvarez, 518 F.3d at 1157-58.

///

///

4

### 3. Conditions of Confinement

Plaintiff enumerates multiple section 1983 claims, all based on violations of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Plaintiff's excessive force claims and claims for denial of medical treatments were previously addressed. To the extent that Plaintiff is attempting to pursue claims based on other conditions that violated his Eighth Amendment rights, such as the management cell/strip cell status and Security Housing Unit placement, Plaintiff's allegations do not support a claim that he was subjected to conditions so grave that they violated the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). Except for the excessive force and medical care claims identified in the preceding subsections, Plaintiff's Eighth Amendment claims are dismissed for failure to state a claim.

### 4. Due Process

Plaintiff alleges that he was deprived of a protected liberty interest in being free from management cell/strip cell status and the Security Housing Unit without due process of law.

In order to state a due process claim, Plaintiff must identify the existence of a protected liberty interest. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). Absent the existence of a protected liberty interest, Plaintiff may not invoke the procedural protections of the Due Process Clause. Id. The Due Process Clause itself does not confer upon Plaintiff a protected interest in avoiding "more adverse conditions of confinement," id., and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation, Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting a claim that management cell/strip cell status or SHU placement constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, at 484; also Myron at 718. Because Plaintiff has not

///

established the existence of a protected liberty interest, his due process claims fail and are dismissed for failure to state a claim.

### 5. Inmate Appeals Process

Plaintiff alleges generally that his right to redress grievances was violated and Plaintiff refers to the inmate appeals process. The existence of an administrative remedy process does not create any substantive rights and generally cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Further, merely "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Regardless of the deficiencies of the inmate appeals process and what individuals did or did not do with respect to the process, Plaintiff does not have a protected liberty interest in the processing of his appeals and may not pursue a due process claim based on his complaints regarding the inmate appeals process. Ramirez, 334 F.3d at 860. Further, Plaintiff has alleged no facts which would otherwise support a claim against those who rendered decisions on his appeals. Absent the existence of circumstances not alleged in the present case, the general decisions to deny Plaintiff's appeals do not have the effect of transferring liability for the constitutional violation to the administrative reviewer. George, 507 F.3d at 609.

### 6. Supervisory Liability

"[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). The fact that some of the named defendants hold supervisory or managerial positions is insufficient to hold them liable for constitutional violations caused by subordinate employees, and the general allegation that they failed to train and supervise provides no basis for the imposition of liability.

///

C.    **Section 1985 and 1986 Claims**

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).

Although Plaintiff alleges that he is pursuing section 1985 and 1986 claims, Plaintiff's complaint is devoid of *any* factual allegations supporting the existence of a conspiracy to discriminate against him based on his race or other class-based membership.[2]

**III.    Conclusion and Order**

Plaintiff's amended complaint states cognizable claims for violation of the Eighth Amendment against Defendants Phillips, Campos, Clausing, and Bardonnex for use of excessive force, and against Defendants Hillard, Gregory, Munoz, Cartigina, and Morales for denial of medical care. However, Plaintiff's amended complaint does not state any other cognizable federal claims. Plaintiff was previously notified of these deficiencies and given the opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, justice does not require further leave to amend, id., and it is HEREBY ORDERED that:

///

---

[2] Additionally, in order to pursue a section 1986 claim, Plaintiff must first allege a cognizable section 1985 claim, McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992); Trerice v. Pederson, 769 F.2d 1398, 1403 (9th Cir. 1985), and in order to pursue a section 1985 claim, Plaintiff must first state a valid section 1983 claim for discrimination, Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (citing Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)).

7

1. This action for damages shall proceed on Plaintiff's amended complaint, filed October 27, 2008, against Defendants Phillips, Campos, Clausing, and Bardonnex for use of excessive force, and against Defendants Hillard, Gregory, Munoz, Cartigina, and Morales for denial of medical care;

2. Plaintiff's official capacity and municipal liability claims are dismissed for failure to state a claim;

3. Plaintiff's other Eighth Amendment conditions-of-confinement claims are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

4. Plaintiff's due process claims are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

5. Plaintiff's claims arising from the failure to process his grievances and/or grant relief based on the grievances are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

6. Plaintiff's supervisory liability claims are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

7. Plaintiff's section 1985 and section 1986 claims are dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

8. Defendants Woodford, Grannis, Adams, Clark, Polk, Ahlin, Cuevas, Black, Ase, Amaro, McCant, and Alva are dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them.

IT IS SO ORDERED.

**Dated:    February 25, 2009**            **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE