# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>            Plaintiff,<br><br>    v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-00144-LJO-SMS PC<br><br>ORDER THAT ACTION PROCEED ON THE SECOND AMENDED COMPLAINT ON EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE CLAIMS, DISMISSING ALL OTHER CLAIMS AND CERTAIN DEFENDANTS<br><br>(Doc. 39)<br><br>ORDER STRIKING NOTICES AND/OR STATUS REPORTS FILED BY PLAINTIFF<br><br>(Docs. 41, 44-48, and 50-57.) |

**I.    Procedural Status**

Plaintiff Edward Demerson, is a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008.

The Court dismissed Plaintiff's complaint, with leave to amend, on September 22, 2008. (Doc. 26.) Plaintiff filed an amended complaint on October 27, 2008. (Doc. 27.) On February 26, 2009, the Court ordered Plaintiff to effect service of the amended complaint within one-hundred twenty days. (Doc. 33.) On June 24, 2009, Plaintiff filed the Second Amended Complaint. (Doc. 39.) On July 6, 2009, Plaintiff filed a partial amendment to his Second

///

///

//

1

Amended Complaint.[1] (Doc. 40.) On December 15, 2009, an order issued striking the partial amendment from the record and requiring Plaintiff to file a third amended complaint, if any, within thirty days or the second amended complaint would be deemed the operative pleading. (Doc. 49.) Over the last eleven months, Plaintiff has filed multiple notices indicating that a third amended complaint is en route, pending, or completed, and would be mailed/filed shortly. (Docs. 41, 44-48, and 50-55.) However, to date, Plaintiff has not filed a third amended complaint. Thus, Plaintiff's Second Amended Complaint, filed on June 24, 2009, is now deemed the operative pleading in this case.[2] Plaintiff's multiple notices indicating that a third amended complaint is en route, pending, or completed and would be mailed/filed shortly are appropriately stricken from the record. (Docs. 41, 44-48, and 50-57.)

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

---

[1] Plaintiff erroneously titled his second amended complaint a third amended complaint. Plaintiff's description of the pleading as a third amended complaint is disregarded.

[2] Plaintiff has exercised his right to amend once as a matter of course and may not amend again without leave of court. Fed. R. Civ. P. 15(a).

marks and citation omitted).

## II. Summary of Plaintiff's Second Amended Complaint

Plaintiff is currently housed at Salinas Valley State Prison. The claims at issue in this action allegedly occurred at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff names Director Jeanne S. Woodford; Inmate Appeals Branch Chief N. Grannis; Warden Darrell G. Adams; Associate Wardens Ken Clark, L. Polk, and J. Ahlin; Captain D. A. Cueval; Lieutenants L. Cartagena,[3] V. Black, and Alva; Sergeants Munoz and Hillard; Correctional Officers B. Phillips, E. Campos, M. H. Clausing, Bardonnex, and Amaro; and Medical Technical Assistant Gregory as defendants.

Plaintiff's claims against the defendants arise from events that began on January 25, 2006, summarized briefly as follows. Plaintiff, who is a mobility impaired inmate, was in the caged section of the walk-alone yard when he requested nail clippers. Plaintiff was told by Defendant Phillips that he would get the nail clippers with the hair clippers. Plaintiff informed Phillips that was not how things were done, that it wastes time because not everyone wants the nail clippers, and Correctional Officer Molina, not Phillips, had been on this yard for the past year. Phillips advised Plaintiff to wait until they went inside, that he had something for Plaintiff.

After yard time was over, Plaintiff was the last inmate brought in. After being searched and shackled, Phillips rammed Plaintiff into the wall and told him that was for the "shit" he had been talking. (Doc. 39, 2nd Amend. Comp., pp. 9-10.) Phillips and Campos proceeded to hit, slam, kick, and stomp Plaintiff. Defendants Amaro, Clausing, Bardonnex, Sgt. Munoz, and Lt. Cartagina ran toward Plaintiff and began twisting the upper and lower ends of Plaintiff's body in different directions. (*Id.*) Plaintiff was then handcuffed, shackled, masked, hog-tied and carried by the chains to the holding cage – where he was left in extreme pain. (*Id.*) Sgt. Munoz came over and kicked Plaintiff in the head where his head was leaning against the cage. (*Id.*) Plaintiff was feeling chest pains and Sgt. Munoz brought Psyche Tech G. Hillard to assess Plaintiff, but Hillard was deliberately indifferent to Plaintiff's request to see a doctor and refused to write it on

---

[3] Also spelled Cartigina.

the medical report. (*Id.*)  Plaintiff told Sgt. Munoz that he was having chest pain and Sgt. Munoz brought over Nurse Gregory who told Plaintiff to stand up. (*Id.* at p. 11.)  Plaintiff indicated that he could not stand. (*Id.*)  Nurse Gregory indicated that Plaintiff would not receive any medical attention unless he stood up and thereafter refused to treat Plaintiff. (*Id.*)  Lt. Cartagina then video-taped Plaintiff's injuries, but did not secure medical attention for Plaintiff even though Plaintiff told him that Plaintiff had chest pains. (*Id.*)  Plaintiff was not provided with any medical care until approximately thirteen hours later, when he was taken to the prison's hospital, given medication, and admitted over night.

After being discharged, Plaintiff was taken back to administrative segregation and housed on strip cell status.  Plaintiff was later issued a Rules Violation Report, found guilty at a prison disciplinary hearing, and assessed an eighteen month Security Housing Unit term

### A. Plaintiff's Claims

#### 1. Use of Excessive Physical

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.  Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Id.* at 9-10; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).

Plaintiff's allegations state cognizable claims against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Sgt. Munoz, and Lt. Cartagina for using excessive physical force against Plaintiff.

#### 2. Denial of Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d

1091, 1096 (9th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (*citing McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (*citing McGuckin* at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (*citing Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations state cognizable claims against Sgt. Munoz, Lt. Cartagina, Nurse Gregory, and Psyche Tech G. Hillard for deliberate indifference to his serious medical needs.

### 3. Due Process Claims

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id*. Liberty interests may arise from the Due Process Clause itself or from state law. *Id*. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Id*. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484; *Myron v.*

1  *Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

2  Plaintiff alleges that his placement on strip cell status and receiving a term in the SHU for eighteen months violated his rights to due process. However, he fails to describe any difference between his regular housing situation and strip cell status or the conditions in the SHU to show any atypical and significant hardship. *Id.* at 484; *Myron*, 476 F.3d at 718. Because Plaintiff does not show any atypical and significant hardship, he does not have a protected liberty interest in not being placed on strip cell status and/or in the SHU. Thus, Plaintiff may not pursue a claim for denial of due process resulting from the imposition of those sanctions.

Further, the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). Therefore, Plaintiff's disagreement with the decisions of the defendants reviewing his appeal and his dissatisfaction with the depth and/or competency of their review of his appeal cannot support a viable due process claim. *Id.*

Plaintiff fails to state a cognizable claim for violation of his rights to due process. Because Plaintiff has previously been given the applicable standards for stating claims under the Fourteenth Amendment, and because of the length of time that Plaintiff has taken and yet still not filed a Third Amended Complaint, the Court recommends that Plaintiff's claims for violation of his rights to due process be dismissed, with prejudice.

### 3. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer*

6

*v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Despite having previous been given the standards, Plaintiff's allegations fail to make any showing that he was denied the minimal civilized measure of life's necessities such that the Court recommends Plaintiff's claims that he was subjected to unconstitutional conditions of confinement be dismissed, with prejudice.

### III.    Conclusion and Order

Plaintiff's Second Amended Complaint states a cognizable claim for relief against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Sgt. Munoz, and Lt. Cartagina for using excessive physical force against Plaintiff and against Sgt. Munoz, Lt. Cartagina, Nurse Gregory, and Psyche Tech G. Hillard for deliberate indifference to his serious medical needs. However, Plaintiff's Second Amended Complaint does not state any other claim(s) upon which relief may be granted against any other defendant.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's Second Amended Complaint, filed June 24, 2009, against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Sgt. Munoz, and Lt. Cartagina for using excessive physical force against Plaintiff and against Sgt. Munoz, Lt. Cartagina, Nurse Gregory, and Psyche Tech G. Hillard for deliberate indifference to Plaintiff's serious medical needs;

2. Plaintiff's claims for violations of his rights to due process under the Fourteenth Amendment, and for the conditions of his confinement under the Eighth Amendment be dismissed for failure to state a claim upon which relief may be granted;

3. Defendants Director Jeanne S. Woodford; Inmate Appeals Branch Chief N. Grannis; Warden Darrell G. Adams; Associate Wardens Ken Clark, L. Polk, and J. Ahlin; Captain D. A. Cueval; and Lieutenants V. Black, and Alva be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them; and

4.   Plaintiff's multiple notices indicating that a third amended complaint is en route, pending, or completed and would be mailed/filed shortly (Docs. 41, 44-48, and 50-57) are stricken from the record.

IT IS SO ORDERED.

Dated:   **June 21, 2010**                             /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE