# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>          Plaintiff,<br><br>   v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00144-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 100)<br><br>TWENTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.    Procedural History**

Plaintiff Edward Demerson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008. This action is proceeding on Plaintiff's second amended complaint, filed June on 24, 2009, against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagina for using excessive physical force against Plaintiff, and against Defendants Munoz, Cartagina, Gregory, and Hillard for acting with deliberate indifference toward Plaintiff's resulting injuries. The events giving rise to Plaintiff's Eighth Amendment claims occurred on January 25, 2006, at the California Substance Abuse Treatment Facility (SATF) in Corcoran.

On July 15, 2011, Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, Cartagina, and Hillard (Defendants) filed a motion to dismiss this action based on Plaintiff's failure

1

to exhaust the available administrative remedies.[1] 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). After obtaining several extensions of time, Plaintiff filed his unverified opposition on September 28, 2011, and Defendants filed their reply on October 3, 2011.[2] Local Rule 230(l).

## II.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

///
///

---

[1] Defendant Gregory has not made an appearance in this action, and the status of service on Defendant Gregory will be addressed by a separate order.

[2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on December 16, 2010. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 77.)

### III. Discussion

#### A. Defendants' Motion

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners' complaints, and the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2(a). During the relevant time period, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level," and appeals had to be submitted within fifteen working days of the event being appealed.[3] Id. at §§ 3084.5, 3084.6(c).

Defendants contend that they are entitled to dismissal of this action because there is no evidence that Plaintiff exhausted his claims of excessive force and denial of medical care in compliance with CDCR's grievance system. In support of their motion, Defendants submit evidence that there is no record of any appeals accepted for review at either the institutional level or the Director's level which grieved Plaintiff's claims. (Doc. 100, Motion, Gomez Dec., ¶3; Campbell Dec., ¶3; Foston Dec., ¶¶6, 8.)

#### B. Plaintiff's Opposition

Plaintiff opposes the motion on the ground that he filed appeal number SATF-Z-06-01655, which set forth the facts giving rise to his claims in this action. (Doc. 113, Exhibits, court record pp. 5-9.) Plaintiff submitted the appeal on April 13, 2006, and the informal and first formal levels of review were bypassed. (Id., p. 5-6.) The appeal was denied at the second level of review at SATF on June 15, 2006, and the decision was forwarded by mail to Plaintiff at California State Prison-Corcoran, where he had been transferred. (Id., pp. 24-26.) Plaintiff states that the second level reviewer addressed only his witness issue, disregarded other issues which were connected to the whole incident, and "attempt[ed] to screen Plaintiff out without [an] appropriate answer." (Doc. 112, Opp., p. 11.)

Plaintiff forwarded the appeal to the third and final level of review, known as the Director's level, on or around August 3, 2006, and on August 25, 2006, the Chief of the Inmate Appeals Branch

---

[3] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here, however, and they are not relevant to the disposition of Defendants' motion.

sent a letter to the appeals coordinator at SATF requesting verification of the date the appeal was sent to Plaintiff. (Doc. 113, pp. 6, 26.) In response, the appeals coordinator stated that the "appeal was completed on June 15, 2006, and mailed to CSP-Corcoran to deliver to" Plaintiff. (Id.) On October 27, 2006, the Chief of the Inmate Appeals Branch rejected Plaintiff's appeal because he failed to submit it within fifteen working days of the decision being appealed. (Id., p. 27.) Plaintiff resubmitted his appeal to the third level on November 7, 2006, and it was again rejected as untimely on January 25, 2007. (Id., pp. 27-28.)

Plaintiff argues that his appeal was wrongfully rejected as untimely because he received the appeal response late, due to the change in his institution of incarceration and the need to mail the second level response to him.

**C.   Defendants' Reply**

In reply, Defendants contend that the reviewer informed Plaintiff in the second level decision that the appeal was limited to the disciplinary issue and any other issues raised must be set forth in a separate appeal. Plaintiff did not thereafter file a new appeal grieving the use of force and the denial of medical care.

**D.   Findings on Propriety of Second Level Reviewer's Screening Decision**

Appeal number SATF-Z-06-01655 does not appear to have been exhausted, Plaintiff's argument regarding the timeliness of his submission to the third level of review notwithstanding.[4] Regardless, the second level reviewer categorized Plaintiff's appeal as a disciplinary appeal and excluded all other issues, including Plaintiff's excessive force and medical care complaints. Whether Plaintiff's failure to comply with the directive to file a separate appeal entitles Defendants to

///

---

[4] Although Plaintiff argues that his appeal was wrongfully rejected as untimely because he received the second level decision late, Plaintiff fails to specify the date he received the decision. As a result, there is no information in the record which would allow the Court to conclude that he timely submitted the appeal to the third level of review within fifteen days of receiving it. Further, Plaintiff fails to submit any admissible evidence in support of his argument that he received the response back late. Unsupported argument does not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).

1  dismissal hinges on whether the rejection of Plaintiff's appeal issues by the reviewer was proper.
2  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).

3  The PLRA requires exhaustion of available administrative remedies and in this Circuit,
4  exhaustion is not required "when circumstances render administrative remedies 'effectively
5  unavailable.'" Sapp, 623 F.3d at 823 (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir.
6  2010)). An improper screening decision is such a circumstance. Id. at 823. The exception applies
7  when the plaintiff can show "(1) that he actually filed a grievance or grievances that, if pursued
8  through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks
9  to pursue in federal court, and (2) that prison officials screened his grievance or grievances for
10 reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24.

11 An appeal suffices to exhaust a claim if it puts prison officials on notice as to the nature of
12 the wrong for which redress is sought. Id. at 824 (quotation marks and citations omitted). The
13 incident of excessive force and subsequent denial of medical care at issue in this action allegedly
14 occurred on January 25, 2006, and in appeal number SATF-Z-06-01655, Plaintiff contested the
15 disposition of the rules violation report charging him with battery on a peace officer and the "strip
16 cell custom," and he also described the incident of physical force and the denial of medical care that
17 occurred on January 25, 2006. (Doc. 113, pp. 5-9.) Plaintiff sought (1) to be exonerated of the
18 charges against him, (2) to no longer be subject to strip cell status, (3) medical and mental health
19 treatment for his physical and emotional injuries, and (4) monetary compensation. Plaintiff's appeal
20 was clearly sufficiently detailed to place prison officials on notice as to his claims that excessive
21 force was used against him and that he was denied medical care. Sapp, 623 F.3d at 824.

22 The first part of the inquiry having been met, the Court must determine whether Plaintiff's
23 excessive force and medical care issues were properly excluded from the appeal. Id. If the
24 reviewer's action was consistent with or supported by applicable regulations, it will be upheld as
25 proper. Id. (quotation marks omitted).

26 In the second-level decision, the reviewer stated, "Appellant's appeal issues have been
27 reviewed and subsequently his appeal is categorized as a disciplinary appeal. Any other issues raised

28

5

by appellant during the course of this appeal may be addressed on a separate appeal, providing the time constraints are met." (Id., p. 24.) Neither the appeal decision nor Defendants' motion to dismiss cites to any applicable regulation supporting the decision to screen out some of Plaintiff's interrelated appeal issues, and the Court is unaware of a regulation which addresses the specific action at issue here.[5]

While the Court notes that Plaintiff's appeal was filed well more than fifteen days after the incident of excessive force and the denial of medical care, that was not the stated basis for the rejection of those issues.[6] Indeed, no reason was cited. Given the apparent absence of an applicable regulation supporting the decision to sever Plaintiff's appeal issues, the Court is unable to find that the decision to screen out Plaintiff's excessive force and medical care issues was proper. Sapp, at 823-24. Accordingly, Defendants are not entitled to dismissal for failure to exhaust.

If there is specific authority supporting the reviewer's decision to screen out Plaintiff's excessive force and medical care issues from appeal number SATF-Z-06-01655, Defendants may present it in their objection. Plaintiff is notified that he has fourteen days to file a response to Defendants' objection, if one is filed. Local Rule 304(d).

## IV. Recommendation

For the reasons set forth therein, the Court RECOMMENDS that Defendants' motion to dismiss, filed July 15, 2011, be DENIED, without prejudice. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written

---

[5] The appeal issues are interrelated in that the incident on January 25, 2006, led to Plaintiff being charged with battery on a peace officer. (Doc. 113, pp. 14-20.) Plaintiff was found guilty of the charge, and he challenged that finding and alleged various due process violations, in addition to grieving the use of force against him and the denial of medical care.

[6] Plaintiff explains in his opposition that he was told he could not file an appeal regarding the use of excessive force until the charges against him were resolved, and that he filed his appeal shortly after his disciplinary hearing on March 30, 2006, although this explanation is not supported by any admissible evidence.

6

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 2, 2011**                       /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE