# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00144-LJO-SKO PC<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT, WITHOUT PREJUDICE, AND DENYING MOTION FOR RULING AS MOOT<br><br>(Docs. 119 and 129) |

Plaintiff Edward Demerson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008. This action is proceeding on Plaintiff's second amended complaint, filed June on 24, 2009, against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagina for using excessive physical force against Plaintiff, and against Defendants Munoz, Cartagina, Gregory, and Hillard for acting with deliberate indifference toward Plaintiff's resulting injuries. The events giving rise to Plaintiff's Eighth Amendment claims occurred on January 25, 2006, at the California Substance Abuse Treatment Facility in Corcoran.

Default was entered against Defendant Gregory by the Clerk of the Court on November 2, 2011. Fed. R. Civ. P. 55(a). On November 21, 2011, Plaintiff filed a motion seeking entry of default judgment against Defendant Gregory and on February 6, 2012, Plaintiff filed a motion seeking a ruling on his motion for default judgment.

This action continues to proceed against eight other defendants and therefore, default judgment against Defendant Gregory may only be ordered upon an express determination "that there is no just reason for delay." Fed. R. Civ. P. 54(b). There exists "a long-settled and prudential policy

against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

In this case, Plaintiff's Eighth Amendment claims arise from an incident of excessive force directly followed by the denial of medical care for his injuries. Both events - the use of force and the denial of medical care - involve multiple defendants and as a result, there are shared facts and issues between the parties. Critically, there is nothing unusual about this routine case which would justify entry of judgment against Defendant Gregory at this stage, and to the contrary, "the avoidance of logically inconsistent judgments in the same action and factually meritless default judgments" weigh strongly against the entry of judgment. Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D.Va. 2000); Wood v. GCC Bend, LLC, 422 F.3d 873, 879-83 (9th Cir. 2005); Adams v. Arab, No. 10cv0706-CAB (BLM), 2012 WL 947596, at *2 (S.D.Cal. 2012); Rose v. California, No. 1:08-cv-00681 LJO JLT (PC), 2011 WL 442298, at *3 (E.D.Cal. 2011); Perez v. Sisto, No. CIV S-06-2090 MCE GGH P, 2009 WL 2705869, at *2 (E.D.Cal. 2009), adopted in full, 2009 WL 3756598, ( E.D.Cal. 2009); Johnson v. Dovey, 1:08-cv-00640-LJO-DLB PC, 2009 WL 2413752, at *1 (E.D.Cal. 2009).

Accordingly, Plaintiff's motion for entry of default judgment against Defendant Gregory is HEREBY DENIED, without prejudice. Fed. R. Civ. P. 54(b), 55(b)(2). Plaintiff's motion for a ruling, filed on February 6, 2012, is DENIED as moot.

IT IS SO ORDERED.

**Dated:   April 13, 2012**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE