# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:08-cv-00144-LJO-SKO PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR LEAVE TO DEPOSE PLAINTIFF BY VIDEO-CONFERENCE<br><br>(Doc. 132) |

Plaintiff Edward Demerson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008, and a scheduling order was issued on December 21, 2011. This action is currently in the discovery phase, and on April 25, 2012, Defendants filed a request seeking leave to depose Plaintiff by video-conference. Fed. R. Civ. P. 30(b)(4). Plaintiff filed an opposition on May 7, 2012.[1]

Plaintiff's opposition to the request is based on several misconceptions. A deposition by video-conference simply means that Defendants will conduct it from a remote location via video-conferencing equipment. The taking of the deposition itself entails nothing different or additional, and Plaintiff is not at a disadvantage, as he asserts. Plaintiff has the same right to request to review the deposition transcript and make corrections as he would with an in-person deposition, Fed. R. Civ. P. 30(e)(1), and in neither instance is Plaintiff entitled to a free copy of the transcript, Fed. R. Civ.

---

[1] A reply is unnecessary in this instance and therefore, the Court issues its ruling without awaiting further response from Defendants. Local Rule 230(l).

1  P. 30(f)(3).[1]

2      Defendants may seek leave to depose Plaintiff by remote means and they have done so here.
3  Fed. R. Civ. P. 30(b)(4).  Although Defendants are not required to show good cause under the rule,
4  the conservation of government resources is good cause under the circumstances and Defendants'
5  motion is HEREBY GRANTED.  Id.

7  IT IS SO ORDERED.

8  **Dated:   May 10, 2012**                              /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] A request to review the transcript *must* be made before the completion of the deposition, and Plaintiff has thirty days after being notified the transcript is available within which to review it.  Fed. R. Civ. P. 30(e)(1).