# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON, | CASE NO. 1:08-cv-00144-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF SCREENING ORDER |
| v. | |
| JEANNE S. WOODFORD, et al., | (Doc. 135) |
| Defendants. | |

## I. Procedural History

Plaintiff Edward Demerson, a state prisoner proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008.  This action is proceeding on Plaintiff's second amended complaint, filed on June 24, 2009, against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagina for using excessive physical force against Plaintiff, and against Defendants Munoz, Cartagina, Gregory, and Hillard for acting with deliberate indifference toward Plaintiff's resulting injuries, in violation of the Eighth Amendment of the United States Constitution.

On June 26, 2012, Plaintiff filed a motion seeking leave to amend to add due process and conditions-of-confinement claims arising from his placement on strip cell/management cell status for ten days, his Security Housing Unit (SHU) term, and deficiencies in the inmate appeals process.[1]  Defendants filed an opposition on July 12, 2012.

///

---

[1] The deadline to amend the pleadings was June 21, 2012, but Plaintiff's motion was timely under the prison mailbox rule.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

1

## II. Legal Standard

In general, "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, as Plaintiff recognizes in his motion, he is seeking leave to amend to add claims which were dismissed by the Court on June 22, 2010, with prejudice, for failure to state a claim, and to amend, Plaintiff must be relieved from the screening order.

Under Federal Rule of Civil Procedure 60(b)(6), Plaintiff may seek relief from the screening order for any reason that justifies relief, but Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## III. Discussion and Order

The Court previously reviewed Plaintiff's claims, determined that the relevant claims were not viable, and dismissed them with prejudice more than two years ago. The Court specifically found that Plaintiff failed to demonstrate the existence of a protected liberty interest in remaining free from strip cell/management cell status or the SHU, Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 484 (1995), and that Plaintiff did not have a protected

liberty interest at stake with respect to the inmate appeals process, <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  The Court also found that Plaintiff failed to allege facts supporting an Eighth Amendment conditions-of-confinement claim. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

Reconsideration is not a vehicle by which to obtain a second bite at the apple based on mere disagreement with a ruling; it is reserved for extraordinary circumstances.  <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131; <u>see also</u> <u>In re Pacific Far East Lines, Inc.</u>, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).  Plaintiff's motion is devoid of any showing that there exist extraordinary circumstances entitling him to relief from the screening order.  Because there is no entitlement to relief from the screening order, the Court does not reach the four factors considered in determining whether amendment should be permitted under Rule 15.  <u>In re Korean Airlines Co., Ltd.</u>, 642 F.3d 685, 701 (9th Cir. 2011).

Accordingly, Plaintiff's motion for reconsideration of the screening order, filed on June 26, 2012, is HEREBY ORDERED DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   August 18, 2012**             /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE