# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON, | Case No. 1:08-cv-00144-LJO-SKO PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS MUNOZ, CARTAGENA, AND HILLIARD'S MOTION FOR SUMMARY JUDGMENT ON EIGHTH AMENDMENT MEDICAL CARE CLAIM AND REFERRING MATTER BACK TO MAGISTRATE JUDGE |
| v. | |
| JEANNE S. WOODFORD, et al., | |
| Defendants. | |
| | (Doc. 147) |

## I.  Procedural History

Plaintiff Edward Demerson ("Plaintiff"), a former state prisoner proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008.  This action is proceeding on Plaintiff's second amended complaint[1] ("complaint"), filed on June 24, 2009, against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagena[2] for using excessive physical force against Plaintiff, and against Defendants Munoz, Cartagena, Gregory, and Hilliard[3] for acting with deliberate indifference toward Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.  (Docs. 39, 59.)  The events at issue occurred on January 25, 2006, at California Substance Abuse Treatment Facility and State Prison ("CSTAF") in Corcoran, California.

---

[1] Misidentified by Plaintiff as the third amended complaint.
[2] Misidentified as Cartagina in the complaint.
[3] Misidentified as Hillard in the complaint.

On October 29, 2012, Defendants Munoz, Cartagena, and Hilliard ("Defendants") filed a motion for summary judgment on Plaintiff's Eighth Amendment medical care claim.[4]  (Doc. 147.) Plaintiff was granted numerous extensions of time, but he did not file an opposition in compliance with the most recent – and final – deadline of July 11, 2013.  (Doc. 172.)  Accordingly, pursuant to the order filed on June 7, 2013, Defendants' motion has been submitted upon the record.  Local Rule 230(*l*).

## II. <u>Summary Judgment Standard</u>

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

---

[4] Default was entered against Defendant Gregory on November 2, 2011.  (Doc. 118.)

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.[5]  *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**III.    Discussion**

    **A.    Summary of Allegations Against Defendants Munoz, Cartagena, and Hilliard**

In his unverified complaint, Plaintiff alleges that on January 25, 2006, he was brought in from the yard last, shackled, and beaten by Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagena. (Doc. 39, pp. 7, 9, 10.)  After Plaintiff was placed in a holding cage, he complained of chest pain to Defendant Munoz. (*Id.*, p. 10.)  Defendant Hilliard, a psychiatric technician, was present to assess Plaintiff's injuries and complete medical report. (*Id.*)  Plaintiff alleges that Defendant Hilliard disregarded his request to see a doctor for his chest pain and refused to write his complaint of chest pain in the report. (*Id.*)  Plaintiff then complained again to Defendant Munoz about chest pain. (*Id.*, p. 11.)  Defendant Munoz told Plaintiff there was nothing wrong with him, but Munoz said he would get a nurse. (*Id.*)

Nurse Gregory subsequently arrived and Plaintiff complained he was having chest pain. (*Id.*)  Gregory told Plaintiff to stand up and he informed her he was unable to stand. (*Id.*)  Defendant Munoz opened the holding cage to allow Gregory to examine Plaintiff. (*Id.*)  Gregory again told Plaintiff to stand up, but he said he could not and he reported that his chest pain was worsening. (*Id.*)  Gregory said Plaintiff would not get any medical treatment unless he stood

---

[5] Plaintiff's second amended complaint is not verified and therefore, it has no evidentiary value.  *Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004).

because she was not going to bend over. (*Id.*) Gregory refused to treat Plaintiff or complete a medical report, leaving Plaintiff to suffer.

Plaintiff was later taken to Defendant Cartagena's office, where his injuries were videotaped. Plaintiff reported his chest pain to Defendant Cartagena, "to no avail." (*Id.* at ln. 27.)

Plaintiff alleges that due to Defendants Munoz, Hilliard, and Cartagena's inaction, he was left to suffer in pain without medical treatment. (*Id.*, p. 12.) Approximately thirteen hours later, Plaintiff was taken to the CTC (Correctional Treatment Center), where he was treated with nitroglycerin and other medication. Plaintiff remained at the CTC overnight before he returned to his cell with medication. (*Id.*)

### B. Defendants' Statement of Facts

After being placed in a holding cell on January 25, 2006, Plaintiff complained to Defendant Munoz, a Correctional Sergeant, that he was experiencing chest pain. (Doc. 147-4, Ex. A, Pl. Dep. Tx., 57:57:6-10; 65:1-14; Ex. B, Munoz Dec., ¶5.) Defendant Munoz is not a medical professional and he has no medical training; and in response to Plaintiff's complaints of chest pain, he immediately notified the medical department, which was all he could do. (Munoz Dec., ¶¶3, 4.)

After Defendant Munoz contacted the medical department, Defendant Hilliard attempted to observe and document Plaintiff's injuries. (Ex. C, Hilliard Dec., ¶¶6, 7.) As a licensed psychiatric technician, Defendant Hilliard had no medical training, but because she was considered medical staff rather than correctional, staff, she was qualified under CSATF policies and procedures to visually inspect and document inmates' injuries. (*Id.*, ¶3-5.) Defendant Hilliard was required to document all injuries on a CDC 7219 form, and if she observed any physical injuries she was required to immediately notify either a doctor or a nurse. (*Id.*)

In accordance with CSATF procedure, after Defendant Hilliard observed Plaintiff, she documented the following injuries on a CDC 7219 form: (1) lacerations to the chin and right knee, and (2) pain to the left shoulder, buttocks, left knee, and wrists. (*Id.*, ¶8.) After noting Plaintiff's injuries, Defendant Hilliard contacted the medical department and requested that someone examine Plaintiff, which was all she could do to ensure Plaintiff received proper medical care.

4

1  (*Id.*, ¶9.) Defendant Hilliard did not believe Plaintiff was at any risk of harm because his injuries
2  were relatively minor, consisting of lacerations and subjective pain. (*Id.*, ¶10.)

3       Approximately twenty minutes after Defendant Hilliard documented Plaintiff's injuries,
4  Nurse Gregory examined Plaintiff. (Pl. Dep. Tx., 58:23-24.) Plaintiff subsequently complained to
5  Defendant Munoz again of chest pains, and he again notified the medical department. (Ex. B,
6  Munoz Dec., ¶¶8, 9.)

7       Approximately one hour after Nurse Gregory examined Plaintiff, Defendant Cartagena, a
8  Correctional Lieutenant, conducted a videotaped interview of Plaintiff. (Doc. 147-4, Ex. D,
9  Cartagena Dec., ¶10.) During the interview, Plaintiff complained of chest pain, and after
10  completing the interview, Defendant Cartagena notified the medical department of Plaintiff's chest
11  pain complaints, which was all he could do as a staff member who is not a medical professional
12  and who lacks medical training. (*Id.*, ¶¶11, 12.)

13       Plaintiff's medical records reveal that his chest pain was transient and no other similar
14  complaints of chest pain were documented in his chart after January 25 and 26, 2006. (Doc. 147-
15  4, Ex. F, Adams Dec., ¶9.) Chest pain is a symptom which can result from numerous medical
16  conditions that are often not cardiac in nature, and Plaintiff suffered no injury or harm resulting
17  from his episode of chest pain on January 25, 2006. (*Id.*, ¶4, 10.) Plaintiff had no need for
18  medical care related to his chest pain complaints on January 25, 2006, because his overall clinical
19  condition, as documented in his medical record, did not appear consistent with any serious, much
20  less life-threatening, condition. (*Id.*, ¶11.)

21       **B.**    **Legal Standard**

22      The Eighth Amendment's prohibition against cruel and unusual punishment protects
23  prisoners not only from inhumane methods of punishment but also from inhumane conditions of
24  confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v.*
25  *Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347,
26  101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and
27  often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of
28  pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer*, 511 U.S. at 844-45 (internal quotation marks and citations omitted). Thus, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if harm ultimately was not averted." *Id.* at 844.

///

///

///

**C.    Findings**

In support of their motion for summary judgment, Defendants have submitted evidence demonstrating that they did not disregard Plaintiff's complaints of chest pain and instead took the only action they could as staff members lacking medical training: they notified the medical department of Plaintiff's complaints.

Furthermore, Defendants' medical expert, Dr. Adams, attested that after the on-call physician was notified, Plaintiff was treated for musculoskeletal chest wall pain, which included treatments for acute coronary syndrome and gastro-esophageal reflux disease. (Adams Dec., ¶7.) Plaintiff's chest pain was transient and no other similar complaints of pain were documented in his medical chart after the episode on January 25 and 26, 2006. (*Id.*, ¶9.) Dr. Adams attested that in his medical opinion, Plaintiff suffered no injury or harm from the episode and Plaintiff's overall clinical condition did not appear consistent with any serious condition. (*Id.*, ¶¶10, 11.)

Based on this uncontroverted evidence, the Court finds that Defendants Munoz, Cartagena, and Hilliard took reasonable measures to address Plaintiff's complaints of chest pain and did not act with deliberate indifference toward his medical condition on January 25, 2006. Additionally, while the needless suffering of pain may, in some circumstances, be sufficient to demonstrate further harm, *Wilhelm*, 680 F.3d at 1122; *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002), based on Dr. Adams' declaration, the Court finds that Plaintiff did not suffer any further harm to his health as a result of any actions or inactions attributable to Defendants Munoz, Cartagena, and Hilliard. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's Eighth Amendment medical care claim.[6]

///
///
///
///
///

---

[6] In light of this finding, the Court does not reach Defendants' qualified immunity argument.

**IV.      Order**

For the reasons set forth herein, Defendants Munoz, Cartagena, and Hilliard's motion for summary judgment on Plaintiff's Eighth Amendment medical care claim, filed on October 29, 2012, is GRANTED and this matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **July 17, 2013**                              **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE