# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:08-cv-00144-LJO-SKO PC<br><br>**ORDER VACATING HEARING AND TRIAL DATES, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE SCHEDULING ORDER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT**<br><br>(Docs. 173, 174, and 176) |

**I.　Background**

Plaintiff Edward Demerson, a former state prisoner proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008. This case is set for jury trial on February 11, 2014, on Plaintiff's remaining claim against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagina for using excessive physical force against him, in violation of the Eighth Amendment of the United States Constitution.

Plaintiff's pretrial statement was due on or before November 8, 2013, but he failed to file one, and he has not filed a response to the order to show cause filed on November 12, 2013.

**II.　Failure to Comply with Scheduling Order**

On July 22, 2013, the Court issued a scheduling order requiring Plaintiff to file a pretrial statement on or before November 8, 2013. Plaintiff failed to comply with or otherwise respond to the order, and on November 12, 2013, Plaintiff was ordered to show cause within seven days why

this action should not be dismissed. Plaintiff was warned that the failure to respond to the order would result in dismissal of this action, with prejudice. More than seven days have passed and Plaintiff has not filed a response to the order.

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). The second scheduling order contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the imposition of sanctions, including dismissal. (Doc. 174.) Further, in the order to show cause, the Court warned Plaintiff that the failure to respond to the order would result in dismissal. (Doc. 176.)

A scheduling order is not a frivolous piece of paper, idly entered. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted). Parties are required to exercise due diligence, *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to respond to the order to show cause warrant the imposition of sanctions.

### III.    Dismissal as a Sanction

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2008, and it is set for jury trial in three months. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. This action has been pending for almost five years, and Plaintiff had ample

2

time to begin trial preparation and comply with the scheduling order. *Id.* The Court has an extremely heavy caseload, and when litigants disregard orders of the court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. *Id.*

As for the risk of prejudice, while the mere pendency of an action does not constitute prejudice, the impairment of Defendants' ability to proceed to trial is prejudicial. *Id.* at 1227-28 (quotation marks omitted).

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. *Id.* at 1228.

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders. In addition, Plaintiff is a former state prisoner and in his last communication with the Court, he represented he was without a permanent address or money. (Doc. 171.)

Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. *See* Local Rule 281(b)(10),(11).

In conclusion, the Court finds that dismissal is warranted given the procedural posture of this case, Plaintiff's failure to comply with the pretrial scheduling order, and the unavailability of satisfactory alternative sanctions. *In re PPA*, 460 F.3d at 1228-29.

**IV.   Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. The telephonic trial confirmation hearing set for January 10, 2014, at 8:30 a.m. and jury trial set for February 11, 2014, at 8:30 a.m. are VACATED;

2. This action is dismissed, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order; and

3. The Clerk of the Court shall (1) enter judgment in favor of Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagina on Plaintiff's remaining excessive force claim in accordance with this order, (2) enter judgment in favor of Defendants Munoz, Cartagena, and Hilliard on Plaintiff's Eighth Amendment medical care claim based on the order granting their motion for summary adjudication as to that claim, filed July 17, 2013, and (3) close this file.

IT IS SO ORDERED.

Dated:   **November 25, 2013**          /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE