# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON, | Case No. 1:08-cv-00144-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GREGORY, WITH PREJUDICE |
| v. | |
| JEANNE S. WOODFORD, et al., | (Doc. 183) |
| Defendants. | |

## I. Procedural History

Plaintiff Edward Demerson ("Plaintiff"), a prisoner proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008. This action is proceeding on Plaintiff's second amended complaint[1] ("complaint"), filed on June 24, 2009, against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagena[2] for using excessive physical force against Plaintiff, and against Defendants Munoz, Cartagena, Gregory, and Hilliard[3] for acting with deliberate indifference toward Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution. (Docs. 39, 59.) The events at issue occurred on January 25, 2006, at California Substance Abuse Treatment Facility and State Prison ("CSTAF") in Corcoran, California.

---

[1] Misidentified by Plaintiff as the third amended complaint.
[2] Misidentified as Cartagina in the complaint.
[3] Misidentified as Hillard in the complaint.

Default was entered against Defendant Gregory on November 2, 2011; Defendants Munoz, Cartagena, and Hilliard's motion for summary judgment was granted on July 17, 2013, and Plaintiff's remaining excessive force claim against Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagena was set for trial by order filed on July 22, 2013. This action was subsequently dismissed, with prejudice, on November 26, 2013, based on Plaintiff's failure to comply with the scheduling order.

Plaintiff filed a late notice of appeal on January 29, 2014, and the appeal was dismissed for failure to prosecute on April 4, 2014. The appellate court's order of April 4, 2014, constituted mandate, and the Court now reaches Plaintiff's pending motion for entry of default judgment, filed on February 21, 2014. Fed. R. Civ. P. 55(b)(2).

**II.    Discussion and Order**

Plaintiff seeks default judgment against Defendant Gregory in the amount of $30,000.00. Fed. R. Civ. P. 55(b)(2). Notice to Defendant Gregory was not required given that he never made an appearance in this action, Fed. R. Civ. P. 55(b)(2); *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993), and Plaintiff's motion has been submitted upon the record, Local Rule 230(*l*).[4]

Plaintiff's claim against Defendant Gregory arises from an incident in which Plaintiff alleges Gregory acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Plaintiff's factual allegations were summarized as follows in the order granting summary judgment, filed on July 17, 2013:

> In his unverified complaint, Plaintiff alleges that on January 25, 2006, he was brought in from the yard last, shackled, and beaten by Defendants Phillips, Campos, Amaro, Clausing, Bardonnex, Munoz, and Cartagena. (Doc. 39, pp. 7, 9, 10.) After Plaintiff was placed in a holding cage, he complained of chest pain to Defendant Munoz. (*Id.*, p. 10.) Defendant Hilliard, a psychiatric technician, was present to assess Plaintiff's injuries and complete medical report. (*Id.*) Plaintiff alleges that Defendant Hilliard disregarded his request to see a doctor for his chest pain and refused to write his complaint of chest pain in the report. (*Id.*) Plaintiff then complained again to Defendant Munoz about chest pain. (*Id.*, p. 11.) Defendant Munoz told Plaintiff there was nothing wrong with him, but Munoz said he would get a nurse. (*Id.*)
>
> [Defendant] Gregory subsequently arrived and Plaintiff complained he was having chest pain. (*Id.*) Gregory told Plaintiff to stand up and he informed her he was unable to stand. (*Id.*) Defendant Munoz opened the holding cage to allow Gregory

---

[4] In light of the denial of Plaintiff's motion, there exist no issues requiring a hearing. Fed. R. Civ. P. 55(b)(2).

to examine Plaintiff. (*Id.*) Gregory again told Plaintiff to stand up, but he said he could not and he reported that his chest pain was worsening. (*Id.*) Gregory said Plaintiff would not get any medical treatment unless he stood because she was not going to bend over. (*Id.*) Gregory refused to treat Plaintiff or complete a medical report, leaving Plaintiff to suffer.

Plaintiff was later taken to Defendant Cartagena's office, where his injuries were videotaped. Plaintiff reported his chest pain to Defendant Cartagena, "to no avail." (*Id.* at ln. 27.)

Plaintiff alleges that due to Defendants [Gregory,] Munoz, Hilliard, and Cartagena's inaction, he was left to suffer in pain without medical treatment. (*Id.*, p. 12.) Approximately thirteen hours later, Plaintiff was taken to the CTC (Correctional Treatment Center), where he was treated with nitroglycerin and other medication. Plaintiff remained at the CTC overnight before he returned to his cell with medication. (*Id.*)

(Doc. 173, Order, 3:13-4:9.)

The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, __ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

In this case, Defendant Gregory's involvement in the alleged violation of Plaintiff's rights occurred during an incident which also involved Defendants Hilliard, Munoz, and Cartagena. However, on July 17, 2013, the Court determined that Defendants Hilliard, Munoz, and Cartagena were entitled to judgment as a matter of law because they acted reasonably in response to Plaintiff's complaints of chest pain and Plaintiff suffered no harm. With respect to the element of harm, the following evidence was uncontroverted:

3

> Defendants' medical expert, Dr. Adams, attested that after the on-call physician was notified, Plaintiff was treated for musculoskeletal chest wall pain, which included treatments for acute coronary syndrome and gastro-esophageal reflux disease. (Adams Dec., ¶7.) Plaintiff's chest pain was transient and no other similar complaints of pain were documented in his medical chart after the episode on January 25 and 26, 2006. (*Id.*, ¶9.) Dr. Adams attested that in his medical opinion, Plaintiff suffered no injury or harm from the episode and Plaintiff's overall clinical condition did not appear consistent with any serious condition. (*Id.*, ¶¶10, 11.)

(Doc. 73, 7:6-12.)

The Court has discretion to enter or deny default judgment, *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and given the determinations that other medical personnel involved acted reasonably and that Plaintiff suffered no harm as a result of the incident, Plaintiff is not entitled to default judgment against Defendant Gregory. Although Defendant Gregory has never appeared, it would nevertheless be incongruent and unfair for Plaintiff to obtain an award of damages against Defendant Gregory arising out of an incident in which the other similarly situated defendants were entitled to judgment as matter of law because they acted reasonably and Plaintiff suffered no harm. *Neilson v. Change (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)); *accord Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012).

Accordingly, Plaintiff's motion for default judgment against Defendant Gregory, filed on February 21, 2014, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **April 7, 2014**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE