# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:08-cv-00144-LJO-SKO (PC)<br>Appeal No. 14-15174<br><br>ORDER CONSTRUING FILINGS AS MOTION TO REOPEN TIME TO APPEAL AND GRANTING MOTION<br><br>(Doc. 186) |

　　　　Plaintiff Edward Demerson, a Los Angeles County Jail inmate proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2008. This action was dismissed on November 26, 2013, and the matter is currently on appeal with the United States Court of Appeals for the Ninth Circuit. On May 14, 2014, the Ninth Circuit remanded the appeal for the limited purpose of (1) determining whether Plaintiff's filings could be construed collectively as a timely motion to reopen the time to appeal pursuant to Fed. App. R. 4(a)(6), and (2) if so, for a ruling on the motion.

　　　　Rule 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if (1) Plaintiff did not receive notice of entry of judgment within 21 days after entry, (2) the motion is filed within 180 days after judgment or within 14 days of receiving notice, whichever is earlier, and (3) no party would be prejudiced. Fed. App. R. 4(a)(6) (quotation marks omitted). District courts must liberally

construe "*pro se* litigants' filings as the appropriate motion or notice necessary for them to pursue their legal claims on appeal." *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2010).

Given the nature of Plaintiff's collective filings, which include citation to Fed. App. R. 4(a)(6) and representations regarding when he received notice of entry of judgment, the Court is required to construe the filings as a motion to reopen the time to file an appeal and it does so. *Withers*, 638 F.3d at 1061.

Turning to whether the motion should be granted, Plaintiff attested in a declaration in support of his appeal that he has been in jail since November 3, 2013, and, in a separate filing with the Ninth Circuit, he stated that due to the delay in receiving his mail from jail staff, he did not receive the November 26, 2013, order and judgment until January 20, 2014.[1]  (EDCA Doc. 182, Demerson Dec., 2:12-14; 09CA Doc. 9, 13-15.)  Plaintiff's assertion that he did not learn of the judgment until January 20, 2014, is unchallenged; his notice of appeal and declaration, which are part of the collective filings at issue, were filed within 14 days of January 20, 2014; and there is no discernible prejudice to Defendants.[2]  Under these circumstances, the Court grants the motion. *Withers*, 638 F.3d at 1061-62.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's collective filings are construed as a motion to reopen the time to file an appeal;

2.  Plaintiff's motion reopening the time to file an appeal is GRANTED; and

3.  The Clerk's Office shall serve a copy of this order on the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **May 20, 2014**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's notice of appeal was filed on January 29, 2014, and his supporting declaration was filed on February 3, 2014.

[2] Prejudice is an "'adverse consequence other than the cost of having to oppose the appeal and encounter risk of reversal. . . .'" *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995) (quoting Fed. App. R. 4(a)(6) Advisory Committee Note).